597 So.2d 895 (1992)
ACandS, INC., Petitioner,
v.
Zack ASKEW, Sr., et al., Respondents.
No. 92-673.
District Court of Appeal of Florida, First District.
April 17, 1992.
*896 Jean A. Bice of Pattillo & McKeever, Ocala, for petitioner.
Evan Yegelwel of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, Jacksonville, for respondents.
PER CURIAM.
ACandS, Inc., defendant in a number of asbestos related cases pending in the Circuit Court for Duval County, petitions this court for a writ of certiorari to review and quash a pretrial order which refused to enforce a protective order entered by a federal district court in 1980. For the reasons that follow, we deny relief.
ACandS was a distributor of an insulation product that contained asbestos. It was a named defendant in United States District Court in Bond v. Atlas Asbestos Co., No. 79-1345-C(B) (E.D.Mo.). In 1980 counsel for certain parties, including the plaintiffs and ACandS, submitted a joint request to the federal district judge for entry of a protective order. This request was approved and became an order of the court on March 11, 1980, and will hereinafter be referred to as the Bond order. In paragraph 1(a) of the order it was directed that documents produced and other discovery, including depositions, "shall be used for no purpose except the purposes of this litigation." The order then went on, however, to set forth a method for designating documents and depositions as "confidential", which confidentiality should be honored by the parties and counsel to the litigation. Paragraph 6 of the order provides:
Nothing contained in this Order shall prevent the use of documents, interrogatory answers, responses to requests for admissions, testimony or information designated "Confidential" at a hearing or at trial or in depositions, on the condition that any such materials or information shall be disclosed or displayed only upon the implementation of all reasonable safeguards to preserve their confidentiality. If such documents, interrogatory answers, responses to requests for admissions, testimony or information are used at a hearing or at trial or in depositions, such documents, interrogatory answers, responses to requests for admissions, *897 testimony or information and all portions of the transcripts and exhibits thereto which refer or relate to such documents, interrogatory answers, responses to requests for admissions, testimony or information, shall be treated as confidential pursuant to the provisions of this Order.
Paragraph 9 of the Bond order states that the court may order removal of the "confidential" designation from any document upon a showing of good cause.
Copies of certain documents produced in the Bond litigation were produced to the plaintiffs in the Duval County litigation here in question, but the transmittal letter expressly provides that in doing so "ACandS is not waiving any rights under the Protective Order entered in the Bond case nor is it acting in violation of that order."
In compliance with a pretrial order, plaintiffs notified the court of their intention to place in evidence portions of three depositions of ACandS corporate officers and employees taken in Bond. These depositions are not among the documents produced as described above, and they are not marked "confidential." ACandS then moved to enforce the Bond order and to strike the depositions from plaintiffs' witness list. After considering the written and oral arguments of counsel, Judge Martin denied the motion and this timely petition for writ of certiorari followed.
In order to obtain relief by writ of certiorari, a petitioner must demonstrate both a departure from the essential requirements of law and an injury which cannot be remedied by appeal from final order. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987). Petitioner acknowledges that in an ordinary circumstance, if the lower tribunal's ruling is erroneous, it could obtain a new trial on appeal and it would be unable to meet the "irreparable harm" prong of the certiorari test. See Continental Equities, Inc. v. Jacksonville Transportation Authority, 558 So.2d 154 (Fla. 1st DCA 1990). Petitioner asks that we create an exception to that rule because it appears as a defendant in the circuit court in 262 cases scheduled to be tried in the next eight months where this evidence is likely to come in without intervention by this court. If the trial court's ruling is ultimately found to be reversible error, petitioner points to the heavy burden on the judicial system and the parties if these 262 cases must be retried. Petitioner has offered no authority for this proposition nor have we found any reported cases which deal with the question. We nevertheless find we need not resolve it because we conclude the trial court did not depart from the essential requirements of law when petitioner's motion was denied.
Petitioner argues that the Bond order should be enforced under principles of comity and the circumstances of the Bond litigation must be considered. It was an action against a limited number of defendants, including ACandS. During the course of the litigation, the protective order was entered by the district court upon a showing of good cause and pursuant to an agreement of all parties. The petitioner contends that the protective order shaped the way the parties approached depositions and various discovery matters. Since the discovery could only be used for that case and all parties were aware of the limitations, it was not necessary to constantly explain responses in terms of those limitations. If taken out of context, responses which were limited by the issues in Bond could be misleading in another case. According to petitioner, use of these depositions will create false issues which can only be explained through other depositions. Reliance on the protective order is a factor which should be given great weight when a court determines whether a protective order should be later vacated or modified. Omega Homes, Inc. v. Citicorp Acceptance Co., 656 F. Supp. 393 (W.D.Va. 1987). Throughout the Bond litigation, ACandS relied on the mutual understanding that the information it was disclosing was to be used solely for that case. The respondents here have not applied to the Missouri court to modify the order, and even if they had, the burden of persuasion is theirs to demonstrate *898 changed circumstances which warrant modification of the order. When an order has been agreed to by the parties and entered for good cause, tangible prejudice to the rights of the party opposing modification is an important factor in the court's determination. H.L. Hayden Co. v. Siemens Medical Systems, 106 F.R.D. 551 (S.D.N.Y. 1985). Other parties have unsuccessfully applied to the United States District Court of the Eastern District of Missouri for modification of the protective order since its entry.
Petitioner acknowledges that the circuit court was jurisdictionally not bound to enforce the Bond order, but argues that Florida courts have recognized the doctrine of comity to require enforcement of such orders unless the terms of the order were contrary to Florida law or public policy. The doctrine of comity has been extended even to modifiable orders from other courts. Cardenas v. Solis, 570 So.2d 996 (Fla. 3d DCA 1990), review denied, 581 So.2d 163 (Fla. 1991). The enforcement of the Bond order is not violative of any Florida public policy concerns. Further, Federal Rule 26(c) and Florida Rule 1.280(c) are substantially identical and there is no violation of Florida policy in enforcing the protective order. Both rules require a showing of good cause. The respondents may argue that petitioner waived its right to insist upon enforcement of the protective order by producing Bond discovery. However, the transmittal letter clearly provides that petitioner did not intend to waive the protections of the order. Petitioner further asserts that these depositions were never produced by ACandS.
We are unpersuaded by the above arguments and find no error by the trial court in refusing to enforce the Bond order. Although the full faith and credit clause of the United States Constitution refers only to state judgments, it has been held that the doctrine also applies to enforcement of federal judgments in state courts. Bigelow v. Old Dominion Copper Mining and Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009 (1912); 47 Am.Jur.2d Judgments § 1291 (1969). Nevertheless, an order such as this which is nonfinal and modifiable is not entitled to full faith and credit. West v. West, 301 So.2d 823 (Fla. 2d DCA 1974). Thus, as petitioner correctly concludes, the principle on which it must rely to enforce the Bond order is comity. An exception to the rule of comity will nevertheless be made where necessary for protection of the state citizens or to enforce a paramount rule of public policy. Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604, 609 (Fla. 1953), cert. denied, 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954).
The trial court's reluctance to enforce the Bond order may arise in part from the terms of the order itself. First, it is somewhat ambiguous as to whether all pretrial discovery is subject to its protections, or only those documents marked "confidential." More importantly, the order itself is totally silent as to the "good cause" for its entry. ACandS has now, before the trial court and this court, offered lengthy and seemingly plausible explanations for the Bond protective order. We cannot determine, however, whether these were in fact the grounds for the protective order. Florida favors complete disclosure in discovery matters, limited only by certain considerations such as privilege, work product, and relevancy which clearly are not implicated here. Fla. R.Civ.P. 1.280(b)(1). Enforcement of the Bond order, absent an adequate statement of good cause within the four corners of the order itself, could run afoul of this public policy.
Respondents also brought the attention of the lower tribunal to section 69.081, Florida Statutes (Supp. 1990). Subsection (3) provides:
Except pursuant to this section, no court shall enter an order or judgment which has the purpose or effect of concealing a public hazard or any information concerning a public hazard, nor shall the court enter an order or judgment which has the purpose or effect of concealing any information which may be useful to members of the public in protecting *899 themselves from injury which may result from the public hazard.
Subsection (4) further provides that an agreement or contract which has the purpose of such concealment is contrary to public policy and unenforceable. In the proceedings below, ACandS argued that this statute was inapplicable because the public is well aware of the dangerous nature of asbestos. Petitioner fails to recognize that the statute includes a prohibition against a court order which conceals "any information concerning a public hazard" which would include these depositions. Apparently the deponents are either deceased or infirm and cannot be called upon to testify at trial.
In light of the above, we find that the trial court did not depart from the essential requirements of law in denying petitioner's motion. Accordingly, the petition for writ of certiorari is DENIED.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.