KEENE CORPORATION, Relator,

v.

The Honorable Neil CALDWELL, Judge 23rd Judicial District, Brazoria County, Respondent.

No. B14–92–00779–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 15, 1992.

James H. Powers, Kenneth C. Baker, Houston, for relator.

Jerry Kacal, Lawrence Madeksho, Barclay A. Manley, Jeffery Parsons, Danny Van Winkle, Elizabeth Thompson, Houston, John G. Bissell, Beaumont, for Respondent.

Before MURPHY, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

In this discovery mandamus, Relator urges this court to issue a writ of mandamus to the Honorable Neil Caldwell directing him to set aside a discovery order entered in two asbestos personal injury suits. We conditionally grant the writ.

The Relator and others were sued in Brazoria County in two asbestos personal injury actions.[1] On June 19, 1989, Relator was served with Plaintiffs' First Request for Production in Heathman (Heathman I). This request sought production of documents relating to the Asbestos Task Force which was set up to determine strategies for defending asbestos actions nationwide. The request also sought documents from *Keene Corporation v. Insurance Corp. of N. Am.,* No. 78–1011 (D.C.Dist.Ct. Mar. 30, 1984) (hereinafter *Keene v. INA* ), a lawsuit brought in federal court by Relator against its insurance carriers. The documents in that suit had previously been ordered sealed by the federal court. Relator responded to this request with objections and asserted the attorney-client communication privilege, the work product exemption, other applicable privileges, and argued that the federal protective order exempted the documents from discovery. The plaintiffs filed a Motion to Compel. A hearing was held and as a result, the court signed an order on December 20, 1989, requiring Relator to produce the requested documents for an *in camera* inspection by the Special Master.

On May 14, 1990, plaintiffs served Relator with their Second Request for Production in Searls (Searls II). This request also sought documents from *Keene v. INA.* Specifically, the request sought production of thirty-three depositions and exhibits. Again, Relator asserted the attorney-client communication privilege and the work product exemption, and also claimed protection under the federal order. In support of its claims of privilege, Relator submitted the affidavits of Irene Warshauer, a member of the law firm which is defending Relator in asbestos suits nationwide, and Howard Meleaf, vice-president and general counsel of the Keene Corporation. Ultimately, Relator agreed to produce all but three of the requested depositions. The depositions not produced were those of Charles A. Piano and Robert E. Kloiber, account analysts for Aetna Casualty & Surety Co., and S. Edward Marek, Asbestos Project Coordinator for Aetna Casualty & Surety Co.

On August 17, 1990, Relator was served with Plaintiffs' Third Request for Productions in Searls (Searls III). This request sought documents from a list entitled "Documents Withheld from Production of Liberty Mutual Documents by Keene Corporation on the Basis of Attorney/Client Privilege ("A/C"), Work Product Doctrine ("WP"), or Coordination of Defense of Underlying Cases ("CD"). Relator again asserted attorney-client communication privi-

---

1. The suits are styled *Tommie L. Heathman v. Owens–Corning Fiberglas Corp., et al.,* No. 87–C– 1934, and *Sherman A. Searls v. Owens–Corning Fiberglas Corp., et al.,* No. 88–C–0615.

lege, work product exemption, and other applicable privileges. Plaintiffs filed a Motion to Compel, and at a hearing based on that motion, Relator submitted the affidavit of Kent Withycombe, a member of a law firm representing Relator in an insurance coverage suit, in support of the privileges. Relator then filed a Motion for Protection asserting its privileges.

The Respondent stayed the issuance of any discovery order pending the outcome of *Owens–Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749 (Tex.1991).[2] After the supreme court's decision, Respondent's Special Master reconsidered the documents on light of the holding and submitted her recommendations to Respondent in a proposed order. Relator filed objections to the proposed order. A hearing was held before Respondent on May 5, 1992. At this hearing, Relator reurged its objections. to the proposed order. On May 22, 1992, the court issued an order requiring Relator to produce portions of the documents requested by the plaintiffs. The order stated that the documents were to be produced because: (1) evidence within the documents is relevant or reasonably calculated to lead to the production of relevant evidence; or (2) the documents contain factual recitations that do not contain the mental processes, conclusions or legal theories of an attorney. As to the privileges claimed by Keene, the order stated that the documents ordered to be produced did not on their face reveal themselves to qualify based on the claim of privilege asserted. In response to a motion filed by Relator, Respondent signed an order on June 19, 1992, staying the time for compliance with the May 22 order so that Relator could seek appellate review. The May 22 order is the subject of this mandamus proceeding.

■■■■ In determining whether the writ of mandamus should issue, we must determine whether the trial court clearly abused its discretion and whether Relator has an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992).

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). The supreme court went on to state that this standard has different applications in different circumstances. *Id.* The resolution of factual issues is committed to the trial court's discretion and the reviewing court may not substitute its judgment for that of the trial court. *Id.* The Relator must establish that the trial court could reasonably have reached but one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot substitute its decision for that of the trial court unless the decision is shown to be arbitrary and unreasonable. *Johnson*, 700 S.W.2d at 918.

■■ Review of a trial court's determination of the legal principles controlling its ruling, however, is far less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying it to the facts. *Id.* Therefore, a failure by the trial court to analyze or apply the law properly will constitute an abuse of discretion. *Id.*

■■ In the present case, the issue is whether the Respondent properly applied the law of privileges to the documents sought to be discovered. Therefore, under *Walker*, we treat the trial court's order to produce with limited deference.

Relator established a prima facie showing of attorney-client communication privilege and attorney work product exemption as to the Heathman I and Searls III documents through the affidavits produced in support of the asserted privileges. *See Shell Western E & P, Inc. v. Oliver*, 751 S.W.2d 195, 196 (Tex.App.—Dallas 1988, orig. proceeding). Relator established the existence and applicability of the privileges and exemption through the uncontroverted affidavits of Irene Warshauer and Kent Withycombe, attorneys for Relator's na-

---

**2.** In *Owens–Corning,* the Texas Supreme Court considered the duration of the attorney work product exemption. 818 S.W.2d at 749. The court held that the work product exemption in Texas is of continuing duration. *Id.* at 751–52.

tional defense counsel. Respondent's order makes no mention of these affidavits, and thus leaves this court with the impression that they were never considered. Further evidence of this fact is found in the May 22 order itself. In it, the trial court states:

> Except as specifically set out below, documents ordered produced did not on their face reveal themselves to qualify as exempt or immune documents based on the claims of privilege made for them.

The language used by Respondent shows that while the documents themselves were considered, the affidavits supporting the claimed privileges were not.

■ The affidavits are clearly uncontroverted evidence in support of the Relator's objections to the discovery requests. Texas Rule of Civil Evidence 503(b) precludes the discovery of communications between attorney and client. TEX.R.CIV.EVID. 503(b). Under the rule, a client has the privilege to refuse to disclose and prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of legal services to the client. *Id.* This privilege applies not only to communications between the client and the attorney and his representative, but also to communications between:

> (1) the client's representative and the attorney or the attorney's representative;
>
> (2) the attorney and the attorney's representative;
>
> (3) the client, his representative, his attorney and an attorney representing another party in the pending action and concerning a matter of common interest;
>
> (4) representatives of the client, and the client and his representatives;
>
> (5) attorneys and their representatives representing the same client.

*Id.* Also, under TEX.R.CIV.P. 166b(3)(a), the work product of an attorney is exempt from discovery. As with the attorney-client communication privilege, the work product exemption extends not only to documents actually generated by the attorney, but also to memoranda, reports, notes, or summaries of interviews, etc. prepared by other persons for an attorney's use. *Toyota Motor Sales USA, Inc. v. Heard,* 774 S.W.2d 316, 318 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding).

■ The submitted affidavits establish the elements required under the attorney-client communication privilege and the work product exemption. In fact, the affidavits specifically reference the documents in question. Sufficient uncontroverted evidence was presented in the affidavits to justify Relator's claim of attorney-client communication privilege and work product exemption as to the Heathman I and Searls III documents. Thus, the trial court erred in ordering these documents to be produced.

■ Respondent's order stated that the grounds for holding the documents discoverable was that information in the documents was relevant or that the documents contained factual recitations that did not constitute an attorney's mental impressions, legal advice, or opinions. Thus, the order is in effect creating new limitations on TEX.R.CIV.EVID. 503(b) and TEX.R.CIV.P. 166b(3)(a). Neither of these rules requires that the communication or the work product contain an attorney's mental impressions, legal advice, or opinions in order to retain their privileged nature. The purpose of the attorney-client communication privilege is "to promote the unrestrained communications between an attorney and client in matters where the attorney's advice and counsel were sought by insuring the communications will not be subject to subsequent disclosure." *Maryland American Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 458 (Tex.1982). It is unarguable that the privilege attached not only to legal advice but also to the complete communication. *See DeWitt & Rearick, Inc. v. Ferguson,* 699 S.W.2d 692, 693 (Tex.App.—El Paso 1985, no writ). If the rules were limited to only legal advice and an attorney's mental impressions and opinions, the privilege would be destroyed. No client would ever dare give an attorney factual information regarding his case for fear that information would be subject to discovery by his opponent.

The subject matter of the information communicated between attorney and client and of the work product generated by an attorney is of no concern in determining whether the privilege or exemption is applicable to the documents. The Respondent erred in distinguishing between the documents based on their contents as opposed to the fact that the documents constituted communications between attorney and client under TEX.R.CIV.EVID. 503(b) and work product under TEX.R.CIV.P. 166b(3)(a). If a document is privileged or exempted from discovery under the rules, the fact that certain information within the documents may be discoverable through other means does not overcome the privilege.

In their second request for production, the real parties in interest sought access to certain depositions given in *Keene v. INA.* In 1978, Keene sued its insurance carriers in federal court to recover the defense and indemnity costs for over 70,000 asbestos personal injury and property damage lawsuits. *Keene Corp. v. Cass,* 908 F.2d 293, 295 (8th Cir.1990). Subject to a protective order issued in that case, Keene and others produced documents and allowed depositions to be taken relating to the defense of the personal injury suits.

The real parties in interest in this suit sought production of thirty-three of the depositions given in *Keene v. INA.* Keene ultimately produced all but three of the requested depositions. The depositions not produced are not depositions of Keene employees. The depositions in question are those of employees of insurance carriers who were parties in the federal suit.

The question before us is whether it is proper for a court to ignore a protective order issued by another court and order protected documents produced. This court has been unable to find any Texas law directly confronting this issue, however, we believe that it would be wholly improper to allow such an act.

Reliance on a protective order is a factor which should be given great weight when a court determines whether a protective order should be later vacated or modified. *Omega Homes, Inc. v. Citicorp Acceptance Co.,* 656 F.Supp. 393 (W.D.Va. 1987). This is especially true when one court is considering vacating the order of another court. During the *Keene v. INA* litigation, the parties allowed certain evidence to be disclosed because they believed the evidence to be secure under the protective order. It would be unfair to tell those parties, fourteen years later, that their reliance was misplaced. It would frustrate the discovery process because parties would fear that any protective order issued could later be vacated by another court.

Further, we believe a situation such as this goes to the very heart of the concept of comity. Comity is a principle in which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. *Black's Law Dictionary* 242 (5th ed. 1979). To allow one court to intrude upon the orders of another is not in the interest of judicial economy and is inappropriate without concrete public policy concerns. We hold that the principle of comity is applicable here and that deference should be given to the federal protective order. There are no overriding public policy concerns that dissuade us from this decision. We also hold that the full faith and credit clause of the United States Constitution requires that the federal protective order be enforced. The full faith and credit clause of the United States Constitution applies to enforcement of federal judgments in state courts. *Bigelow v. Old Dominion Copper Mining and Smelting Co.,* 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009 (1912). A protective order, especially one that is relied on by the parties, is entitled to full faith and credit protection. *But see ACandS v. Askew,* 597 So.2d 895, 898 (Fla. App. 1 Dist.1992) (holding that a modifiable and non-final order not entitled to full faith and credit).

Therefore, we hold that based on the principle of comity and the full faith and credit clause, the trial court abused its discretion in ordering Keene to produce documents protected by the federal order.

 The arguments made by the real parties in interest regarding the crime-fraud exception are outside the record. There is no indication that this was the basis for the trial court's May 22 order. In fact, the order is clear as to its basis, and the crime-fraud exception is never even alluded to by the court. Any suggestion that this was a basis for overruling Keene's claims of privilege is purely speculative and outside the record.

Now that we have determined that the Respondent abused his discretion in ordering the documents produced, we must further decide whether the Relator has an adequate remedy by appeal.

Mandamus is intended to be an extraordinary remedy. *Walker*, 827 S.W.2d at 840. As such, it is available only in limited circumstances. *Id.* A writ of mandamus will issue "only in situation involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). The requirement that those seeking mandamus relief demonstrate the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus law. *Id.* In *Walker*, the supreme court discussed several situations in the discovery context wherein a party will not have an adequate remedy by appeal. One of the situations discussed concerned the situation where a trial court orders the disclosure of privileged information. *Id.* at 843. The court stated that a party will not have an adequate remedy by appeal when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party. *Id.* The court, citing *West v. Solito*, 563 S.W.2d 240 (Tex.1978), held that one such situation occurs when the trial court orders documents to be produced that are covered by the attorney-client communication privilege. *Id.* The same reasoning applies to the documents constituting attorney work product. Therefore, under *Walker*, it is clear that Relator has no adequate remedy by appeal. If the documents are produced to the real parties in interest, the damage will be done and no appeal could ever remedy the situation.

The trial court abused its discretion in ordering Relator to produce the documents requested by the real parties in interest. The affidavits submitted in support of the claims of privilege and exemption were uncontroverted and sufficient to establish the objections raised by Relator as to the Heathman I and Searls III documents, and the federal protective order covers the depositions in Searls II. Accordingly we conditionally grant the relief requested in the petition for writ of mandamus. The Honorable Neil Caldwell, Judge of the 23rd Judicial District Court of Brazoria County is directed to vacate his order of May 22, 1992 ordering the production of the documents in Heathman I and Searls II and III. We assume Respondent will comply with the directions contained in the opinion, and mandamus will issue only if he fails to comply.