PITTSBURGH CORNING
CORPORATION,
Relator,

v.

The Honorable Neil CALDWELL,
Judge, 23rd Judicial District
Court, Respondent.

No. B14–93–00593–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 19, 1993.

David L. Tolin, Beaumont, for relator.

Laurence Madeksho, Robert E. Ballard, Houston, for respondent.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This mandamus action is directed at an order signed by Judge Neil Caldwell on May 27, 1993, which required Relator to produce all or portions of six documents which Relator claims are protected by the attorney-client and work-product privileges. With regard to some of the documents, Judge Caldwell directed Relator to simply redact any portions falling within the privilege, and leave those segments which contained relevant factual information. Relator's claim that this order was a clear abuse of discretion, in that once a document is determined to contain privileged information, the entire document is privileged, regardless of whether it also contains facts relevant to the case, as those facts may be obtained through discovery means other than the production of the privileged document. We agree and grant mandamus relief.

■ This is the third in a series of mandamus actions brought before this court in the last year concerning the attorney-client privilege as it relates to discovery matters. Much of it is repetitive. *See Keene Corp. v. Caldwell*, 840 S.W.2d 715 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *GAF Corp. v. Caldwell*, 839 S.W.2d 149 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). Mandamus may issue when a trial court erroneously orders the production of privileged information, and no other adequate remedy at law exists. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992). Clearly, once privileged information is disclosed, there is no way to retrieve it; therefore, mandamus is an appropriate remedy to prevent the publication of confidential documents.

Relator submitted the disputed documents to this court under seal. After reviewing these, we find that all six of the papers fall within the attorney-client privilege, and are, therefore, protected from discovery.

TEX.R.CIV.EVID. 503(b) states:

**General Rule of Privilege.** A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer, or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

■ Four of the six documents in dispute are known to the parties as the "Captiva Shipyard Conference Documents." The documents were the product of a large meeting held at Captiva Island, Florida, between Relator's representatives and its lawyers to discuss defense strategies for asbestos-related personal injury lawsuits involving Relator nationwide. Relator asserted this privilege via an affidavit of Kathleen Monroe, one of Relator's counsel.

Plaintiffs, the real parties in interest in this lawsuit, contend that Judge Caldwell issued the order for production of the documents because the affidavit was insufficient to show privilege. However, the affidavit was uncontroverted, and, perhaps more importantly, the unequivocal language of the order reveals that Judge Caldwell ordered the production of the documents, either in whole or in part, because they contained factual information. Since Relator established a prima facie case of attorney-client privilege through uncontroverted affidavit evidence, we are hard-pressed to find any rational justification for requiring the disclosure of the documents. *See Shell Western E & P, Inc. v. Oliver*, 751 S.W.2d 195, 196 (Tex.App.—Dallas 1988, orig. proceeding). Certainly, discussions between attorneys and the representatives of their clients, regarding defense strategies, must fall under Rule 503(b)(1), whether those discussions occur on either a national or a local scale.

■ The fifth document in dispute is known as the Traveler's Document. Travel-

er's is one of the insurance carriers which, under applicable policy provisions, provides defense counsel for Relator in a number of asbestos-related lawsuits filed against it. This Travelers' Document is a portion of a memorandum authored by A.W. Wiechniak, a claims director for Travelers. This memorandum concerns trial strategy and Wiechniak's thoughts on how certain facts might affect an asbestos lawsuit. This information falls squarely within the language of Rule 503(b)(4), and is clearly privileged and not subject to production.

■ Plaintiffs claim that Judge Caldwell was attempting to "follow the winds of judicial change" by attempting to shield portions of these disputed documents from discovery through redaction of the privileged information, while allowing the production of the remainder of the document. Basically, plaintiffs argue that redaction of privileged information from a document is not an abuse of discretion because the rule of privilege extends only to shelter mental processes, conclusions, and legal theories, and does not extend to facts an attorney might acquire. See Owens–Corning Fiberglass Corp. v. Caldwell, 818 S.W.2d 749, 750 (Tex.1991). We agree that the relevant facts of a case may not be hidden under the guise of privilege. However, those facts are discoverable through other *proper* means of discovery, without forcing the production of a privileged document which may also contain that factual information. Judge Caldwell's order requiring the production of these documents, either with or without redaction, has, in effect, created new limitations on Rule 503(b) and TEX. R.CIV.P. 166b(3)(a). See also Keene Corp. v. Caldwell at 719.

■ Once it is established that a document contains a confidential communication, the privilege extends to the *entire* document, and not merely the specific portions relating to legal advice, opinions, or mental analysis. *Id.* It is inconceivable that an attorney could give sound legal advice on a client's case if he or she did not include an application of the law or opinion to the specific facts of that case. If we were to hold that all or part of a document containing privileged information should be disclosed because it also included

facts pertinent to the lawsuit, the purpose of the attorney-client and work-product privileges would be annihilated. The ultimate effect of such a holding would be that clients would be reluctant to give their attorneys any factual information for fear that it would be subject to discovery. See Keene at 719. And no attorney could even begin to prepare a case for trial, or be able to give sound advice for lack of those facts. Such a chilling intervention into the attorney-client relationship under the guise of "looking for facts," pierces the core of a critical privilege to carve out limited and usually superfluous morsels of discovery otherwise obtainable. In our opinion, the cost is too great.

Plaintiffs, however, assert that the Travelers document does not fall within Rule 503(b)(4) in light of the recent Texas · Supreme Court case of *National Tank Co. v. Brotherton*, 851 S.W.2d 193 (Tex.1993). In that case, the Supreme Court held that in order to qualify as a "representative" under Rule 503, the employee must be one who actually has authority to hire counsel and to act on counsel's advice on behalf of the client. *Id.* at 199. Plaintiffs contend that Relator failed to carry its burden of proof showing the appropriate relationship between the author of the document and either the lawyer or Relator itself. After reviewing the Supreme Court's opinion, we fail to see its applicability to this case. *Nat'l Tank* was a case in which the party seeking protection from discovery orders sought to preclude the production of certain written materials regarding interviews between employee-witnesses to an accident and the client's insurer, prepared by the insurer for the client's lawyers. The party sought protection of those documents and the information they contained by asserting the attorney-client and work product privileges. As the Supreme Court noted in their opinion, that case modified *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 40–41 (Tex.1989) to hold that investigative documents are prepared in "anticipation of litigation" for purposes of TEX. R.CIV.P. 166b(3) if a reasonable person would have concluded from the totality of the circumstances surrounding the investigation that there was a substantial chance that liti-

gation would ensue. *Id.* at 195. Apparently, given the status of the law before this modification, the party in *Nat'l Tank* desired protection of those interviews, which they thought could, at that time, only be obtained through the attorney-client privilege. That case was remanded for analysis under the new holding, and the facts of *Nat'l Tank* are remarkably different from those of this case.

Respondent and plaintiffs apparently seize onto a footnote found in *Nat'l Tank* which indicates that some facts contained in an attorney's work product may be discoverable. *Nat'l Tank* at 202, n. 11. This footnote, in turn, refers to a footnote in a prior opinion, *Owens-Corning Fiberglass v. Caldwell*, 818 S.W.2d 749, 751 (Tex.1991), n. 2. These footnotes essentially point out that the *work product* privilege under Tex.R.Civ.P. 166b(3) does not extend to all facts that an attorney may acquire. The *Owens–Corning* footnote refers to *Leede Oil & Gas, Inc. v. McCorkle*, 789 S.W.2d 686, 687 (Tex.App.—Houston [1st Dist.] 1990, no writ). In *Leede*, the court found that the work product privilege did not protect a neutral recital of facts contained within a lawyer's written notes during a conference with a fact and expert witness who died before he could be deposed, where those discoverable portions did not suggest plaintiff's trial strategy or the lawyer's mental impressions. *Id.* at 687. From this, Respondent and Plaintiffs conclude that any facts contained in documents under the attorney-client privilege are discoverable. We do not accompany them on that inductive leap. Nor do we interpret the Supreme Court as doing so. The travelers documents and the others under examination are all related to trial strategy and defense, made for the purpose of facilitating the rendition of professional legal services. They are not neutral recitations of facts contained in a work product under Rule 166b(3). The Travelers document contains privileged information, and, therefore, in accordance with our other holdings in *Keene* and *GAF*, we determine that it is not discoverable.

■ Finally, Relator seeks protection from the production of a document known as the Dunitz memorandum. The parties do not seem to dispute the privileged nature of this document, but only the issue of whether or not Relator waived this privilege by its inadvertent disclosure of the information in another case. Plaintiffs assert that Relator produced the memorandum to its adversary in a Pennsylvania action for inspection, which was allegedly hand-copied by Travelers. After Relator realized its mistake, it objected to the production of the Dunitz memo, and the federal district court in Pennsylvania ultimately held that the document was privileged, issued a protective order, and ordered Travelers to return the handwritten copy, along with any photocopies made of the contents of the memorandum.

We also addressed this issue in *Keene Corp. v. Caldwell*, where a federal court issued a protective order regarding certain depositions requested by the plaintiffs. In that case, we held that the principle of comity and the full faith and credit clause of the United States Constitution require that the protective order be enforced. *See Keene* at 720. To allow one court to intrude upon the orders of another is not in the interest of judicial economy and is inappropriate without concrete public policy concerns. *Id.* at 720. Thus, since we are also confronted with a protective order issued by a federal district judge in this case, we must give due deference and respect to that order and hold that the attorney-client privilege as relates to the Dunitz memorandum has not been waived. The trial court clearly abused its discretion in ordering Relator to produce this document in light of the protective order which recognized its privileged status.

Plaintiffs further argue that they are entitled to demand production of the Dunitz memorandum because it has allegedly been nationally distributed, either by written quotations from the hand-copied notes of Travelers used in its own petition against Relator, or because of portions of the document having been published in a nationally distributed asbestos litigation reporter. While plaintiffs may have come across some of the information contained in that document through other means, this does not automatically waive the privilege as to Relator. The document itself has not been published; only the portions allegedly hand-copied by a third-party who claims to have seen the memorandum.

At any rate, the federal district court, who had all parties before it, determined that the memorandum was privileged and required all copies, hand-written or otherwise, to be returned to Relator. We respect and adhere to that finding.

■ It is not our purpose to hinder the discovery of relevant information in a lawsuit. On the contrary, we do not condone attempts to improperly hide relevant and discoverable information under a blanket of privilege. Nor have we held back from confronting blatant offensive misuse of the attorney-client privilege to shield relevant information from *limited* discovery. *See Westheimer v. Tennant*, 831 S.W.2d 880 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). But we see no rationale beyond the offensive misuse of it in *Westheimer* to open the attorney-client privilege any further so as to encompass a piecemeal discovery of facts. Particularly is this so where facts are involved and there are appropriate remedies and discovery tools available to discern those facts without disturbing the sanctity and necessity of the attorney-client privilege. Appropriate sanctions may be levied in those instances where a party has withheld relevant facts in the face of valid discovery requests. However, except in the rarest of circumstances, documents falling within the attorney-client privilege simply are not discoverable, even when they are interwoven with factual information. After all, facts are the lifeblood of legal opinions.

Therefore, we find that the trial court abused its discretion in ordering the production, either in whole or in part, of the six documents disputed here. Accordingly, we conditionally grant the mandamus relief requested, and direct Judge Neil Caldwell to vacate his order of May 27, 1993 requiring their disclosure. We presume that Judge Caldwell will comply, and mandamus will issue only should he fail to do so.

RELIEF CONDITIONALLY GRANTED.

SEARS, J., not participating.