In re The BLOOMFIELD MANUFAC-
TURING COMPANY & Hi–Lift
Jack Company, Relators.

No. 04–97–00938–CV.

Court of Appeals of Texas,
San Antonio.

April 8, 1998.

Joe R. Greenhill, Jr., Mike Thompson, Jr., Wright & Greenhill, P.C., Austin, for Relators.

Raymond E. Gallaway, Jr., Carl A. Werner, Cox & Smith Incorporated, San Antonio, Jeffrey W. Jones, San Antonio, for Appellee.

Before HARDBERGER, C.J., and DUNCAN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

The Bloomfield Manufacturing Company and Hi–Lift Jack Company, relators, have filed a petition for writ of mandamus pursuant to Rule 52 of the Texas Rules of Appellate Procedure. Relators argue that Judge Carol Haberman abused her discretion when she ordered them to produce a computer database in response to a request for production because the discovery request was overly broad, the database is protected from discovery under the attorney work product and the attorney-client privileges, and a federal court has held the database privileged. Relators request that this court direct Judge Haberman either to withdraw her order compelling production of the database or to order redaction of the entire comment section of the database and all references to irrelevant cases made in the database.

### BACKGROUND

This case involves a products liability lawsuit filed by Real Party in Interest, Ronald Jaroszewski. Jaroszewski was injured when the handle of a Hi–Lift Jack he was using fell to the down position, rebounded, and struck him in the eye. After Jaroszewski filed suit against relators, Jaroszewski served relators with a request for production, which included a request for, "[a]ny and all product liability logs, claim logs or records of any kind regardless of the terminology used within the company relating to claims or personal injuries allegedly sustained as a result of the handle of a Hi–Lift Jack flying up and striking a person." Relators objected to this request, arguing that the inquiry was overly broad, burdensome, and encompassed information irrelevant to the subject matter of the lawsuit. Relators also argued that the documents were protected from discovery under the attorney-client privilege and the attorney work product privilege.

At the hearing on Jaroszewski's motion to compel, the court ordered relators to produce all logs and records that were not protected

by the attorney-client privilege. The court also ordered that if there was a specific protective order that prevented disclosure of the documents, relators were to identify the documents and provide a copy of the order to Jaroszewski.

Jaroszewski then filed a second motion to compel, specifically asking for the computer database that forms the basis for this mandamus. At the hearing on the second motion to compel, the trial court reviewed the computer database *in camera.* Relators also presented to the trial court the uncontroverted affidavit of Janet Savage, corporate counsel for the Hi–Lift Jack Company. In her affidavit, Savage stated that the

> database was made at the direction of counsel or by counsel and the inclusion of a claim and a characterization of each entry in the database represents an attorney's impressions and opinions. The comment section of the database reflects my impression on the nature of the claim, the injury and the ultimate likelihood of success of the claim. The database was prepared during ongoing litigation.

Savage further stated that the same database was held privileged in the United States District Court of Minnesota, Fifth Division.

Judge Haberman found that, "some of the attorney impressions contained in the 'description of incident' part of said document is [sic] privileged, but that the balance of the contents of said document is not privileged; it is Ordered that the Defendants may redact three (3) of the 'description of incident' parts per page." The trial court also ordered that information regarding settlement of claims could be redacted. Relators seek relief from this order.

### STANDARD AND SCOPE OF REVIEW

■ A writ of mandamus will issue to correct a clear abuse of discretion by the trial court if no other remedy at law is available to the relator. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex. 1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). The relator bears the burden of showing both an inadequate remedy at law and an abuse of discretion. *Canadian Helicopters,* 876 S.W.2d at 305. "A

discovery order that compels overly broad discovery 'well outside the bounds of proper discovery' is an abuse of discretion for which mandamus is the proper remedy." *Dillard Dept. Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995) (quoting *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995)). There is also no adequate remedy at law if the trial court orders the disclosure of privileged information that will materially affect the rights of the aggrieved party. *Walker,* 827 S.W.2d at 843.

### OVERBREADTH

Relators first argue that the request for production is overly broad due to its scope and due to the fact that the computer database "contains cases and information from cases that are the result of different types of failures than those requested . . . or at issue in this case."

■ A request for the production of documents must be specific, establish materiality, and state precisely what is wanted. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). If a request for discovery is reasonably tailored to include only matters relevant to the case, it is not overly broad even if the request may call for some information of doubtful relevance. *Texaco,* 898 S.W.2d at 815.

■ Jaroszewski specifically limited his request to logs or records related to claims or personal injuries sustained when the handle of a Hi–Lift Jack flew up and struck a person. This request meets the *Loftin* requirements. It is also reasonably tailored to include only matters relevant to this case. The fact that the database contains other types of failures and injuries than those experienced by Jaroszewski does not render this request overly broad.

### ATTORNEY WORK PRODUCT

Relators next argue that the computer database is protected by the attorney work product privilege because information in the database was created by an attorney to monitor and categorize litigation against relators. Relators assert that the database memorial-

izes the attorney's thought processes, outlines strategies, and categorizes claims and the interrelationship between the claims.

 The work product of an attorney is protected from disclosure during discovery. TEX.R. CIV. P. 166b(3)(a). This protection shelters the "mental processes, conclusions, and legal theories of the attorney, providing a privileged area within which the lawyer can analyze and prepare his or her case." *Owens–Corning Fiberglas Corp. v. Caldwell,* 818 S.W.2d 749, 750 (Tex.1991). The work product exemption applies not only to documents generated by the attorney, but to memos, reports, notes, and summaries of interviews prepared by others for an attorney's use. *Keene Corp. v. Caldwell,* 840 S.W.2d 715, 719 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). The privilege extends to the entire document, not merely the specific portions relating to legal advice, opinions, or mental analysis. *Pittsburgh Corning Corp. v. Caldwell,* 861 S.W.2d 423, 425 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding). If a document is privileged or exempt from discovery, the fact that information within the document may be discoverable through other means does not defeat the privilege. *Keene Corp.* 840 S.W.2d at 720.

 The database at issue contains a description of how each incident that led to a claim against relators happened. These descriptions were extracted by an attorney or at an attorney's direction from various legal documents, depositions, and interviews. Because these descriptions reflect an attorney's analysis of claims filed against relators, of the contents of certain documents, and of the interrelationship of the claims made against relators, they are protected by the attorney work product privilege. Therefore, the entire database is precluded from discovery.

## ATTORNEY-CLIENT PRIVILEGE

Relators also argue that the database is protected by the attorney client privilege because the database was created by an attorney to assist her in offering advice to relators when responding to litigation.

 "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." TEX.R. CIV. EV. 503(b). The purpose of the attorney-client privilege is to secure the free flow of information between attorney and client on matters involved in litigation, without the fear that details of their communication will be disclosed. *Boring & Tunneling Co. of Am., Inc. v. Salazar,* 782 S.W.2d 284, 289 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). For an instrument to be protected by the attorney-client privilege, it needs to constitute a communication between an attorney and client and owe its existence to an effort to transmit information from one to the other. *Suddarth v. Poor,* 546 S.W.2d 138, 141 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

 Relators have offered no proof that the database was a communication, and therefore they have not offered proof that the database is protected by the attorney-client privilege. The only evidence that relators have offered is the database itself and the uncontroverted affidavit of Diane Harrah, a representative of Bloomfield, who states "there is a list of claims document that was created by counsel in an effort to manage claims which is also work product and attorney-client privilege." This affidavit is not proof that the database was a communication between relators and counsel. Therefore, the database is not protected by the attorney-client privilege.

## COMITY

Finally, relators argue that because the United States District Court of Minnesota has held the database privileged, we, too, should hold that the document is privileged through the principle of comity. Comity is a principle in which the courts of one state or jurisdiction give effect to the laws and judicial decisions of another out of deference and respect, not out of obligation. *AG Volkswagen v. Valdez,* 897 S.W.2d 458, 462 (Tex. App.—Corpus Christi 1995, orig. proceeding). Because we hold that the database is

privileged under the laws of Texas, we need not address the comity issue.

## CONCLUSION

We hold that the trial court abused her discretion when she ordered that relators produce the database for discovery. The entire database is exempt from discovery under the attorney work product privilege. However, this decision does not mean that Jaroszewski cannot obtain the information he needs through a proper discovery request. For example, the names of plaintiffs, injury dates, jurisdiction, products, dates of manufacture, and injuries sustained are not in and of themselves exempt from discovery. The document itself, however, is privileged. *See Pittsburgh Corning*, 861 S.W.2d at 425 (stating that facts relevant to case are discoverable through other proper means of discovery that will not force production of privileged document).

Therefore, we conditionally grant the writ of mandamus and order the Honorable Carol Haberman to withdraw her order compelling relators to produce the database. We will issue the writ if, after the expiration of two weeks, we receive a verified statement from relators indicating the trial court has not complied.