**Dissenting; and Opinion Filed August 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00774-CV

### IN RE ANDREW SILVER, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-02268**

## DISSENTING OPINION
Before Justices Francis, Evans, and Stoddart
Dissenting Opinion by Justice Evans

In this original proceeding, relator Andrew Silver asks the Court to recognize that a client's communications with his registered patent agent, made to facilitate the agent's provision of authorized legal services to the client, are privileged under rule 503 of the Texas Rules of Evidence. Based on this premise, Silver requests mandamus relief from the trial court's order compelling Silver to produce 300 communications with his registered patent agent. Because the United States Supreme Court has recognized that a non-lawyer, registered patent agent is authorized by the United States of America to practice law to the extent of preparing and prosecuting patent applications before the United States Patent and Trademark Office, I agree with Silver that a client's communications with a patent agent regarding such matters is within the attorney–client privilege in rule 503 of the Texas Rules of Evidence. Because the undisputed evidence in this record is that some of the communications between Silver and his registered patent agent fall within this category of communications, and he has otherwise met the

requirements for mandamus relief, I would conditionally grant mandamus relief pertaining to those documents but deny such relief for a second category of documents. Because the majority denies mandamus relief as to all documents, I respectfully dissent.

## I.
### United States Supreme Court's and Federal Circuit's Opinions

In *Sperry v. State of Florida ex rel. Florida Bar*, 373 U.S. 379, 383 (1963), the United States Supreme Court expressly found "the preparation and prosecution of patent applications for others constitutes the practice of law" even when done by non-lawyers who are registered as patent agents with the USPTO. Based on the Supremacy Clause in the Constitution, the Supreme Court further decided in *Sperry* that federally registered patent agents located in Florida could not be prohibited by the State of Florida from preparing and prosecuting patent applications before the USPTO. *Id*. at 384–85. Based on *Sperry*, the Federal Circuit recently decided that a client's communications with a registered patent agent pertaining to the preparation and prosecution of patent applications were privileged within the scope of rule 503 of the Federal Rules of Evidence. *See In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1294 (Fed. Cir. 2016). Silver asks us to make the same decision as to rule 503 of the Texas Rules of Evidence. Importantly, nowhere does Silver request any court to create a common-law privilege for a client's communications with his registered patent agent. With that background, I begin my explanation of my dissent.

## II.
### Factual Background

Silver and Tabletop Media, LLC d/b/a Ziosk sued each other in separate Texas district courts regarding a Patent Purchase Agreement. The suits were consolidated in the 134th District Court in which action Tabletop moved to compel production of Silver's communications with Raffi Gostanian, Silver's registered patent agent. Tabletop contended there is no privilege that

2

could encompass communications between a client and registered patent agent who was not a licensed attorney nor acting under the supervision of a licensed attorney and, as a result, the withheld documents were not privileged. Tabletop further asserted that, even if there were such a privilege, the relationship between Silver and Gostanian went far beyond patent prosecution to include starting a business together to monetize the patents.

In opposition to the motion, Silver testified by affidavit that he had hired Gostanian to act as his patent agent continuously since March 2010 and that, with Gostanian acting as his patent agent, the USPTO has issued more than thirty patents to Silver as an inventor. Gostanian testified by affidavit that he is not a licensed attorney but is a registered patent agent with the USPTO. After reviewing all of the communications at issue, Silver divided them into two categories and testified about the first category of documents as follows:

> These communications were a part of the patent prosecution process, and during that process, Gostanian and I exchanged redline drafts and discussed specific patent claims in depth. Through these email discussions, Gostanian advised me on the viability of my patent claims, provided revisions, analyzed USPTO Office Actions, and otherwise ensured that all of my filings with the USPTO comport with relevant rules, statutes, and regulations. Gostanian, as a patent agent, was providing me with this confidential professional advice relating to the prosecution of my patent applications in the communications that have been labeled as PRIV000056-88, 97-99, 105-19, 123, 125-29, 131-34, 136-46, 148, 150-79, 191-221, 223-24, 226-33, 243-45, 248-60, 271-74, 285-86, 330-43, 349-90, 397-420, 438-46, 454-60, 472-73, along with the redacted material in communications labeled as PRIV000180-90, 222, 225, 234-42, 247 and 533-41.

(In this dissenting opinion, I will refer to the documents listed in the quotation above as the Patent Prosecution Documents).

Silver further states in his affidavit that after he anticipated litigation over his dispute with Tabletop regarding nonpayment of royalties, he consulted an attorney about his claim. He then describes the second category of documents as follows:

> I consulted Gostanian in preparing this claim, and we analyzed the strengths of my case. These discussions included only Gostanian and myself, although

3

> Gostanian's paralegal, Michele Zarinelli, was occasionally copied. During these discussions, which are labeled as PRIV000257-270, 272-79, 281, 284, 288-90, 292, 438-48, 453, and 461-73, along with the redacted material in PRIV000282-83 and 287 . . . . I discussed my mental impressions, opinions, and conclusions in connection with potential litigation with Tabletop with Gostanian.

(In this dissenting opinion, I will refer to the documents listed in the quotation above as the Litigation Consultation Documents).

The trial court ruled that "no privilege exists for communications between a patent agent and his or her client where the patent agent is not acting under the direction of an attorney" and compelled the production of documents withheld on the basis of the claim of "patent agent privilege." The trial court stayed its own order and sua sponte certified the issue for permissive, interlocutory appeal. Silver perfected an interlocutory appeal with this Court, but we dismissed the appeal for lack of jurisdiction. *See Silver v. Tabletop Media, LLC*, No. 05-16-00205-CV, 2016 WL 3006371, at *1 (Tex. App.—Dallas May 25, 2016, no pet. h.) (mem. op.). During that process, the Federal Circuit decided *In re Queen's University*. *See In re Queen's Univ.*, 820 F.3d at 1287. Silver moved for rehearing in the trial court based on *In re Queen's University*. In its order, the trial court noted its consideration of the briefing and evidence of both parties but denied the motion. This mandamus followed.

### III.
### Analysis

Silver's argument in the trial court and here is that communications between a client and a registered patent agent are within the scope of rule 503 because a non-lawyer, registered patent agent is within the meaning of a "lawyer" as defined in rule 503(a)(3). Texas Rule of Evidence 503 defines a "lawyer" as "a person authorized . . . to practice law in any state *or nation*." TEX. R. EVID. 503(a)(3) (emphasis added). Silver's argument is simple: the facts of this case exactly

4

track rule 503(a)(3), so his documents containing communications with his registered patent agent are privileged.

The United States is a nation and, according to the United States Supreme Court, it has authorized non-attorneys to practice law before the USPTO regarding "the preparation and prosecution of patent applications." *Sperry*, 373 U.S. at 383–85. It is undisputed in the trial court record that Gostanian is a non-lawyer, registered patent agent whom Silver hired to prepare and (successfully) prosecute many patents. Further, there is no controverting evidence to Silver's testimony that the Patent Prosecution Documents are communications between Silver and Gostanian (some including Gostanian's staff) regarding preparation and prosecution of Silver's patents. According to the plain meaning of rule 503(a)(3), Gostanian was an "attorney" when Silver communicated with Gostanian (or Gostanian's staff) regarding the Patent Prosecution Documents. Those documents, therefore, fit squarely within the scope of rule 503's attorney–client privilege. Accordingly, I would use the plain language of rule 503(a)(3) as applied to these facts and conclude the Patent Prosecution Documents are privileged.

On the other hand, by Silver's own testimony, the Litigation Consultation Documents do not contain communications between Silver and Gostanian (or Gostanian's staff) regarding the preparation or prosecution of patents before the USPTO. Instead, the Litigation Consultation Documents pertain to Silver obtaining Gostanian's advice about his Texas lawsuit. Silver has not argued or shown that any state or nation has authorized registered patent agents generally or Gostanian specifically to give legal advice about litigation in state court, even litigation pertaining to patents the issuance of which Gostanian successfully prosecuted. In regard to the Litigation Consultation Documents, therefore, Gostanian is not an "attorney" within the meaning of rule 503(a)(3) and, therefore, the documents do not come within the attorney–client privilege set forth in rule 503.

5

In making this conclusion, I note rule 503(a)(3) as adopted by the Supreme Court of Texas requires the person to be "authorized" to practice law; it is not limited to licensure. As stated before, the United States Supreme Court has settled the question that unlicensed, non-lawyers are authorized to practice law before the USPTO and that decision is binding on us through the Supremacy Clause. *See Sperry*, 373 U.S. at 383–85; U.S. CONST. art. VI, cl. 2. In addition, the use of "authorized" in rule 503(a)(3) accommodates states or nations whose systems of justice authorize people to practice law other than by means of a licensing regime.

"If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." *Hallmark Mktg. Co., LLC v. Hegar*, 488 S.W.3d 795, 798 (Tex. 2016) (citing *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 177 (Tex. 2004)). Concluding that unlicensed, registered patent agents are authorized to practice law to the extent of preparing and prosecuting patent applications before the USPTO and that a client's communications with their unlicensed, registered patent agents are within rule 503's attorney-–client privilege is not an absurd result. *See Sperry*, 373 U.S. at 383–85; *In re Queen's Univ.*, 820 F.3d at 1294. Indeed, this conclusion is all the more reasonable because communications with registered patent agents will receive the same privileged treatment in state court litigation as they receive in patent litigation in federal court. *Id.* A contrary decision might encourage satellite state court litigation as an opportunity to discover such communications privileged from discovery in federal court patent litigation.

Tabletop argues that rule 503(a)(3) is limited to licensed attorneys citing *Strong v. State*, 773 S.W.2d 543, 549 (Tex. Crim. App. 1989); *McDonald v. State*, No. 08-08-00103-CR, 2010 WL 3910424, at *9 (Tex. App.—El Paso Sept. 30, 2010, pet. ref'd) (not designated for publication); and *Sanchez v. State*, No. 14-07-01067-CR, 2009 WL 838223, at *5 (Tex. App.—Houston [14th Dist.] Mar. 31, 2009, no pet.) (mem. op., not designated for publication). Each

case arises from non-lawyers purporting to represent clients in Texas in matters other than applications and prosecutions of patents for which there was no showing that the non-lawyer was authorized by any government to practice law. Here, Silver has demonstrated conclusively that Gostanian is authorized by the United States to practice law to the extent of patent applications and prosecutions. *See Sperry*, 373 U.S. at 383–85.

Tabletop argues Silver seeks to create a new, non-existent privilege, which we as an intermediate court of appeals are not authorized to do. *See In re Fisher & Paykel Appliances, Inc.*, 420 S.W.3d 842, 848 (Tex. App.—Dallas 2014, orig. proceeding). But in *Fisher & Paykel* we concluded, "It is generally not the role of intermediate courts of appeals to declare new *common law discovery privileges*." *Id.* (emphasis added). Here, Silver did not ask the trial court and does not ask us to create any common-law privilege. Instead, Silver asked the trial court and us to recognize that his communications with Gostanian come within the ambit of rule 503(a)(3). I see no difference between Silver's request and that of a client who asserts his or her communications with a person in a foreign nation were privileged because the foreign national was authorized by that nation to practice law in regard to the subject matter of the communications. It would not affect our analysis merely that the foreign nation employed a system other than licensure to indicate its authorization of the foreign national to practice law because the text of rule 503(a)(3) is not limited to licensure systems. The entire issue is within the authority of this court to decide. What is beyond our power is to not recognize the United States has authorized Gostanian to practice law to the extent of preparing and prosecuting patent applications before the USPTO. *See Sperry*, 373 U.S. at 383–85; U.S. CONST. art. VI, cl. 2.

Tabletop argues that recognizing Silver's communications with Gostanian come within the ambit of rule 503(a)(3) will result in assertions of attorney–client privilege regarding clients' communications with many types of professionals or even non-professionals whose work

7

overlaps with legal work performed by licensed attorneys. That concern misses Silver's argument from rule 503(a)(3): a person must be authorized by a state or nation to practice law to be a lawyer within the meaning of rule 503(a)(3). None of Tabletop's hypotheticals involve such authorization. The Federal Circuit anticipated such an argument made here by Tabletop when the court stated:

> *Sperry*, thus, confirms that patent agents are not simply engaging in law-like activity, they are engaging in the practice of law itself. To the extent, therefore, that the traditional attorney-client privilege is justified based on the need for candor between a client and his or her legal professional in relation to the prosecution of a patent, that justification would seem to apply with equal force to patent agents.

*In re Queen's University*, 820 F.3d at 1296 (discussing *Sperry*, 373 U.S. at 383). Here, Silver has demonstrated that the United States Supreme Court has recognized that the government of the United States has authorized Gostanian to practice law before the USPTO to the extent of applications and prosecutions of patents. Because Gostanian is a person authorized to practice law to the extent of applications and prosecutions of patents before the USPTO, he is a lawyer within the meaning of rule 503(a)(3) and his client's communications with him about such matters are privileged according to the rule. The Patent Prosecution Documents are privileged; the Litigation Consultation Documents are not.

### IV.
### *Application of Mandamus Standards*

A relator must demonstrate the trial court abused its discretion and there is no adequate remedy by appeal in order to be entitled to mandamus relief. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A discovery order that compels production of privileged documents is an abuse of discretion by the trial court. *See In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (per curiam) (orig. proceeding); *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 255–56 (Tex. 2004) (orig. proceeding). "Mandamus is

proper when the trial court erroneously orders the disclosure of privileged information because the trial court's error cannot be corrected on appeal." *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 697–98 (Tex. 2015) (orig. proceeding) (quoting *In re E.I. DuPont de Nemours*, 136 S.W.3d 218, 223 (Tex. 2004) (per curiam) (orig. proceeding)); *see also In re Tex. Health Res.*, 472 S.W.3d 895, 900 (Tex. App.—Dallas 2015, orig. proceeding) ("Clearly, once privileged information is disclosed, there is no way to retrieve it; therefore, mandamus is an appropriate remedy to prevent the publication of confidential documents." (quoting *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 424 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding)). Silver's request for mandamus relief involves a legal question of first impression in Texas, but that is not a basis to deny mandamus relief because the trial court is obligated to make the correct legal decision. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 124 (case of first impression regarding enforceability of contractual jury waiver); *Lunsford v. Morris*, 746 S.W.2d 471, 474 (Tex. 1988) (orig. proceeding) (changing 100 years of case law and granting mandamus for abuse of discretion when trial judge correctly followed existing law), *disapproved on other grounds by Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992).

The trial court here ordered Silver to produce both the Patent Prosecution Documents and Litigation Consultation Documents. Because I conclude based on the analysis above that the Patent Prosecution Documents were within the scope of rule 503, they were privileged from production. Accordingly, ordering their production was an abuse of discretion that cannot be remedied by appeal. *See In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d at 697–98; *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488; *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d at 255–56; *In re E.I. DuPont de Nemours*, 136 S.W.3d at 223; *In re Tex. Health Res.*, 472 S.W.3d at 900; *Pittsburgh Corning Corp.*, 861 S.W.2d at 424. Silver, therefore, has demonstrated entitlement to mandamus relief as to those documents.

9

## V.
### Conclusion

For these reasons, I would conditionally grant mandamus relief, issuing the writ only if the trial court does not modify its order so as not to require the production of the Patent Prosecution Documents. Because the majority does not do so, I respectfully dissent.

/David Evans/
DAVID EVANS
JUSTICE

160774DF.P05