Petition for Writ of Mandamus Conditionally Granted and Opinion filed
January 31, 2003









Petition for Writ of Mandamus Conditionally Granted
and Opinion filed January 31, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00779-CV

____________

 

IN RE EXXONMOBIL CORPORATION, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

O P I N I O N

In this original proceeding, relator, ExxonMobil
Corporation, seeks a writ of mandamus ordering the respondent, the
Honorable Tracy Christopher, to vacate three orders, dated July 15, 17, and 25,
2002, insofar as they require production of twelve specified documents.[1]  We conditionally grant the writ.

 

 








Facts

In the underlying lawsuit, the State of Texas claims
entitlement to a share of oil and gas produced from the Hawkins Field in Wood
County, Texas.  The State sought
discovery, and relator claimed attorney-client privilege, with respect to a
number of documents responsive to the State=s request.  The State filed a motion to compel the
production of all documents listed on relator=s privilege log and documents
responsive to the State=s request for production of documents in connection with the
deposition notices of relator=s corporate representatives and certain attorneys from
McGinnis, Lochridge & Kilgore (AML&K@), relator=s outside counsel.  Relator objected and the trial court held a
hearing on July 2-3, 2002.  Relator
presented testimony of Clay Barton, an attorney from ML&K, and of two of
relator=s former in-house attorneys.  The State presented no evidence.

After the hearing, the trial court conducted an in camera
inspection and issued her first order on July 11, 2002, compelling relator to
produce approximately 94 documents.  Two
subsequent orders, Order Nos. 2 and 3, issued on July 15 and 17, 2002,
respectively, required the production of approximately 211 documents.  Relator complied with the July 11th order,
but requested reconsideration as to 14 of the documents ordered produced in
Order Nos. 2 and 3.  On July 25th, the
trial court issued Order No. 6[2]
in response to relator=s motion for reconsideration, and in this order required the
production of 12 documents and specified the bases for ordering production of
each document.  Order No. 6 stated that,
if a mandamus was filed within five days of the issuance of the order, the proceeding
was stayed.   

Availability of Mandamus Relief








Mandamus relief is available if the trial court clearly
abuses its discretion, either in resolving factual issues or in determining
legal principles when there is no other adequate remedy at law.  See Walker v. Packer, 827 S.W.2d 833,
838 (Tex. 1992).  A trial court clearly
abuses its discretion if Ait reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.@ 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985).  To show the trial court clearly
abused its discretion in the resolution of factual issues, the relator must
show the trial court could reasonably have reached only one decision.  Id. 
To show the trial court clearly abused its discretion in a determination
of legal principles, the relator must show the trial court clearly failed to
analyze or apply the law correctly.  Walker,
827 S.W.2d at 840.  

The relator must also show that it has no other adequate
remedy.  Id.  A remedy by appeal is not inadequate merely
because the party may incur more expense and delay than in obtaining the
writ.  Id. at 842.  The appellate remedy may be inadequate when
the appellate court cannot cure the trial court=s discovery order, such as where the
trial court orders disclosure of privileged documents.  Id. at 843.  If, as relator claims, the trial court
improperly ordered production of privileged documents, relator has no adequate
remedy by appeal.

Attorney-Client Privilege

The attorney-client privilege protects from disclosure
confidential communications between a client and its attorney Amade for the purpose of facilitating
the rendition of legal services to the client . . . .@ 
Tex. R. Evid. 503(b)(1).  See also Huie v. DeShazo, 922 S.W.2d
920, 922 (Tex. 1996).  The party
resisting discovery bears the burden of proving any applicable privilege.  Id. at 926.  To make a prima facie showing of the
applicability of a privilege, a party must plead the particular privilege,
produce evidence to support the privilege through affidavits or testimony, and
produce the documents for an in camera inspection, if the trial court
determines review is necessary.  In re
Valero Energy Corp., 973 S.W.2d 453, 457 (Tex. App.BHouston [14th Dist.] 1998, orig.
proceeding).   

1.  Production of Factual Matter

Relator asserts that the court abused its discretion in
ordering production of redacted 








versions of documents 6109,[3]
7443, 9760, and 8729.[4]  The trial court=s order allows the production of
certain factual information within those documents.  Relator claims this ruling is an abuse of
discretion because factual information in a privileged document is also covered
by the privilege.  

a. Document 7443

Order No. 6 requires production of a portion of document
7443, as follows:

Document number 7443-7444 does contain legal advice
but it also outlines facts as to the ownership interests of the acreage under
Highway 80 and how Exxon from a factual basis credited or did not credit the
acreage.  Exxon cannot shield these facts
through the attorney client privilege. 
If there are other non privileged documents that outline the facts in
this document then Exxon needs to show those documents to the court before it
will reconsider its ruling.

 

Because the trial court only ordered production of certain
factual matter within this document, the trial court impliedly found the
remainder of the document to be privileged. The attorney-client privilege,
however, attaches to the complete communication between attorney and client,
including both legal advice and factual information.  Huie, 922 S.W.2d at 923; Valero,
973 S.W.2d at 457.  In addition to these
authorities, a panel of this court has ruled that, if a document is a
confidential communication, the privilege extends to the entire document and
not merely to the portion of the document containing legal advice, opinions, or
analysis.  Pittsburgh Corning Corp. v.
Caldwell, 861 S.W.2d 423, 425 (Tex. App.BHouston [14th Dist.] 1993, orig.
proceeding).  The Caldwell court
supported this holding with the following reasoning:








It is inconceivable that an
attorney could give sound legal advice on a client=s case if he or she did not include an application of
the law or opinion to the specific facts of that case.  If we were to hold that all or part of a
document containing privileged information should be disclosed because it also
included facts pertinent to the lawsuit, the purpose of the attorney-client and
work-product privileges would be annihilated. 
The ultimate effect of such a holding would be that clients would be
reluctant to give their attorneys any factual information for fear that it
would be subject to discovery.  And no
attorney could even begin to prepare a case for trial, or be able to give sound
advice for lack of those facts.  Such a
chilling intervention into the attorney-client relationship under the guise of Alooking for facts,@ pierces
the core of a critical privilege to carve out limited and usually superfluous
morsels of discovery otherwise obtainable. 
In our opinion, the cost is too great.

 

Id. (emphasis in original; citations omitted).  See also Keene Corp. v. Caldwell, 840
S.W.2d 715, 719-20 (Tex. App.BHouston [14th Dist.] 1992, orig. proceeding)(also holding
that privilege attaches not only to legal advice but to the complete
communication, including factual recitations).

Factual
information may be obtained by means other than the required production of
privileged documents.  For example, in Huie
v. DeShazo, the supreme court held that confidential attorney-client
communications are shielded from discovery and that this privilege extends to
the entire communication, including the facts contained therein; however, the
court added that the parties seeking the documents could obtain the information
in another way, by deposition or by questioning the other party or its attorney
regarding factual matters.  922
S.W.2d at 922-23.  








In response to relator=s argument, the State does not
address the trial court=s decision to require partial production of document
7443.  Instead, the State argues that we
may uphold the trial court=s ruling either on the ground that the entire document is not
privileged or on the ground that relator waived its claim of privilege as to
this document.  In raising these grounds,
the State cites to case law providing that an appellate court must uphold the
trial court=s order on any ground supported by
the record.  In re Stevens, 971
S.W.2d 757, 760 (Tex. App.BBeaumont 1998, orig. proceeding).[5]


Because the State raises grounds that support production of
the entire document and the trial court only ordered production of part of the
document, we find that the grounds raised by the State do not support the trial
court=s ruling.[6]  The State=s asserted grounds, either that the
entire document was not privileged or that the privilege was waived, might be
considered grounds supporting the trial court=s ruling if the trial court had
ordered production of the entire document, but this is not what the trial court
ordered.  As to document 7443, the trial
court only ordered production of certain factual matter contained in the
document, based on a finding that this factual matter was not privileged.  By denying production of the remainder of the
document, the trial court implicitly found the remainder of the document to be
privileged.  

Although the State ostensibly seeks to uphold the trial court=s ruling, the grounds it raises, that
the entire document is not privileged or that the privilege was waived,
actually serve to challenge the trial court=s implicit finding of privilege as to
part of the document because the State=s grounds support production of the entire
document.  Were we to address the State=s grounds, we would be considering
not only the factual portion of the document which the trial court ordered
produced, but also the remainder of the document, for which the trial court
denied production, implicitly finding this remaining information privileged.








Because the State is not the party that filed the petition
for writ of mandamus, it is inappropriate for this court to consider grounds
that challenge the trial court=s ruling unless these grounds are raised by the relator.  Although the State may have raised these
grounds only with the intent to support the ruling requiring production of
factual matter, and not to challenge the implied ruling denying production of
the remainder of the document, it is impossible to address the State=s grounds without addressing the
unchallenged portion of the ruling that denies production of part of document
7443.  Accordingly, we do not address the
State=s grounds that document 7443 was not
privileged or that relator waived its privilege as to document 7443.

Having reviewed and found document 7443 to be privileged, we
conclude that the trial court abused its discretion in ordering it produced as
redacted.  The State may obtain any facts
concerning ownership interests and how relator credited acreage by deposing
witnesses concerning these facts without invading the attorney-client
privilege.  The court further stated in
its order that, if relator could produce other non-privileged documents with
the same factual information, the court would reconsider its ruling.  While other non-privileged documents with the
same facts would be one way to provide the factual information, testimony of
witnesses is an alternative means for obtaining this information.  Therefore, even if relator does not have
non-privileged documents with the factual information found in document 7443,
invasion of the attorney-client privilege is not warranted or required.

b. Document 9760

Order No. 6 also requires production of a portion of document
9760 because it contains a witness statement. 
The order allows redaction of all but the third paragraph, which the
court characterizes as Aa witness statement because it recounts a conversation
between Chas. Ehrhardt [an Exxon employee] and Lloyd Merrick with the Railroad
Commission.@ 








Rule 192.3(h) allows parties to Aobtain discovery of the statement of
any person with knowledge of relevant factsBa >witness statement=Bregardless of when the statement was
made.@ 
Tex. R. Civ. P. 192.3(h).  Although this rule appears to be broad in
application, the comment to the rule states: AElimination of the >witness statement= exemption does not render all
witness statements automatically discoverable but subjects them to the same
rules concerning the scope of discovery and privileges applicable to other
documents or tangible things.@  Id. at comment
9.  

In construing this rule, the Fort Worth Court of Appeals held
that, where a witness statement is included in a confidential communication
between attorney and client, the privilege protects the entire document.  See In re Fontenot, 13 S.W.3d 111, 114
(Tex. App.BFort Worth 2000, orig.
proceeding).  The court found that the
real party in interest=s broad interpretation of the witness-statement rule would
render all witness statements discoverable and would effectively abrogate the
attorney-client privilege.  Id.  The court added that the real party in
interest could still obtain discovery of the facts known to the relator without
invading the protection afforded by the attorney-client privilege.  Id.

Because the court ordered redaction of document 9760 except
for the portion of the document containing the alleged witness statement, the
court impliedly found that the bulk of document 9760 was privileged.  Thus, the issue before us, as raised in the
petition, is whether the trial court abused its discretion in ordering the
production of part of a privileged document merely because that part contained
a witness statement.  As held in Fontenot,
a witness statement contained within a confidential communication between
attorney and client is privileged and protected from discovery.  13 S.W.3d at 114.  The State can obtain information concerning
conversations with the witnesses by means other than invading the
privilege.  See id. 

In its response, the State does not focus on the particular
ground stated in Order No. 6 for the production of document 9760.  Instead, the State argues that relator did
not prove this document was intended to be kept confidential.  Alternatively, the State argues relator did
not disprove waiver of the privilege.  








As we held in our discussion about document 7443, we find the
State=s arguments here do not address the
trial court=s decision to require partial
production of document 9760.  Instead,
the State argues that we may uphold the trial court=s ruling either on the ground that
the entire document is not privileged or on the ground that relator did not
disprove waiver of its claim of privilege as to this document.  As we discussed at length regarding document
7443, see discussion supra pp. 6-8, the State=s arguments, which support production
of the entire document, do not support the trial court=s order of partial production of
document 9760.  It is impossible to
address the State=s grounds without addressing the trial court=s implicit finding that most of
document 9760 is privileged.  Because the
State is not the relator and does not challenge the trial court=s ruling, we are unable to address
the State=s grounds.   

Having implicitly found document 9760 to be privileged,
except for the alleged witness statement, the trial court failed to follow case
law holding that witness statements contained within a confidential
communication between attorney and client are privileged.  Accordingly, we find the trial court abused
its discretion in ordering production of a redacted version of document 9760. 

c.  Document
8729

In Order No. 6, the trial court allows redaction of part of
document 8729, but orders production of the remainder, stating that Athe court considers the bulk of the
document to be a witness statement because it recounts a conversation with
Sandra Buch of the Railroad Commission.@ 
Document 8729 is a letter from Exxon=s outside counsel to an Exxon
employee.  It recounts the attorney=s discussion with a Railroad
Commission examiner and  a memorandum is
attached. 








The State does not address the ground provided in the court=s most recent order, Order No. 6, but
instead points to the trial court=s prior order of July 17th, Order No.
3, in which the court states that another document no. 8728-8731 and its
duplicate 9750-9753 Aincludes a letter from a lawyer, which is in reality a
witness statement, rather than legal advice and then it becomes the policy of
the company.@ 
The State claims that the privilege does not apply to this document
because the attorney was not acting in the capacity of an attorney, but was
instead acting as a business advisor, setting relator=s business policy.  

We have previously found that Order No 6 supersedes Order No.
3, and thus, we do not address the grounds for production of document 8729 in
Order No. 3.  Therefore, we do not
address the State=s argument based on Order No. 3.  

Because Order No. 6 required redaction of part of document
8729, the court impliedly found that at least part of the document was
privileged.  If the document is even
partially covered by the attorney-client privilege, the entire document is
protected.  Valero Energy Corp.,
973 S.W.2d at 457 (privilege attaches to complete communication between
attorney and client, including not only legal advice but also factual
information).  

The instant document is written by outside counsel for
relator and contains legal analysis concerning the attorney=s discussion with a Railroad
Commission examiner.  Accordingly, we
find, as the trial court impliedly found, that part of the document contains
information that is protected by the attorney-client privilege.  Because part of the document is covered by
the attorney-client privilege, the entire document is protected.  Valero Energy Corp., 973 S.W.2d at
457.  Thus, we find the trial court
abused its discretion in ordering the production of part of document 8729.

d.  Document
number 10819

Document 10819 is a communication from an Exxon employee to
an Exxon attorney, but is copied to ten other Exxon employees.  In Order No. 6, the trial court requires
production of a portion of document number 10819 based on the trial court=s finding that this document was sent
to ten Exxon employees in addition to an Exxon lawyer.  The trial court adds that it stands by its
original order that the only privileged part of the document was in the last
two paragraphs on the second page (10820). 








A review of the document reveals that it is a request for
legal advice based on factual matters presented.  The trial court impliedly found that a
portion of the document was privileged, i.e., the last two paragraphs on
the second page.  Production of all but
the last two paragraphs indicates the trial court found that the factual
portion of the memo was not privileged.  

The State claims that there is no proof that the Exxon
employees who received copies of this document were representatives of the
client and thus, there is no proof the document was intended to be a confidential
communication between attorney and client.  
Again, the State presents arguments that would not support upholding
Order No. 6.  As we held in our
discussion about document 7443, the State=s arguments here do not address the
trial court=s decision to require partial
production of document 10819.  Instead,
the State argues that we may uphold the trial court=s ruling either on the ground that
the entire document is not privileged or the privilege was waived.  As we discussed at length under the portion
of this opinion regarding document 7443, see discussion supra pp.
6-8, the State=s argument, which supports production
of the entire document, does not support the trial court=s order of partial production of
document 10819.  It is impossible to
address the State=s grounds without addressing the trial court=s implicit finding that most of
document 10819 is privileged.  Because
the State is not the relator and does not challenge the trial court=s ruling, we are unable to address
the State=s grounds.   

The trial court only ordered production of the Awitness statement@ portion of document 10819.  Therefore, the trial court impliedly found
that the remainder of document 10819 was privileged.  Thus, the issue is whether the trial court
abused its discretion in ordering the production of part of a privileged
document merely because that part contained a witness statement.  As held in Fontenot, a witness
statement contained within a confidential communication between attorney and
client is privileged and protected from discovery.  13 S.W.3d at 114.  We find the trial court abused its discretion
in ordering the factual portion of an otherwise privileged document produced. 

 








3.  Waiver of the Privilege

In Order No. 6, the trial court found that relator had waived
the privilege as to a number of documents. 
We address each document separately unless there are duplicates.

a.  Document
6109 (and duplicates 9433 and 9772) 

This document is a memo from an Exxon attorney to an Exxon
employee.  The trial court found waiver
as to document 6109 because it Awas placed in all lease files mentioned so that proper
ownership could be determined.@  Documents 9433 and
9772 were found by the court to be duplicates of 6109, with the same basis for
waiver.  These documents are listed on
relator=s privilege log as title opinions.

As to document 6109 and its duplicates, relator claims the
trial court abused its discretion in finding waiver because placement of these
documents in all lease files did not constitute disclosure to third
parties.  Relator argues there is no
evidence the lease files were shared with any third parties.  Relator suggests that the trial court may
have mistakenly confused the concept of Alease files@ with Alease maintenance opinions,@ which may have been shared with
third parties working on relator=s behalf.

The State argues in its response that there is evidence to
support the trial court=s order.  The State
points to some handwritten notes from a ATyler Land Meeting@ held in 1974, approximately one
month after the date of the memo in question (6109 and its duplicates).  These handwritten notes include the names of
the persons who attended the meeting and indicates that H.M. Krause, the top
Exxon person involved in the Hawkins field project, stated:  ATeam effort . . . Exxon - no secrets
- all info in files available  . . . one
of most studied fields in world.@ 
Harry Hugly, a former Exxon landman, testified in his deposition that
title opinions were made available to outside contractors hired by relator and,
sometimes, to outside parties, such as leaseholders.  








Two Exxon attorneys, who testified at the July 3rd hearing,
disputed Hugly=s assertion that title opinions were
shared with outside parties.  Willis
James McAnelly, Jr., an attorney with ML&K, outside counsel for Exxon,
testified that legal advice regarding the Hawkins field project was commonly
shared with different groups of Exxon personnel, such as the land people and
the business analysis group, because the Hawkins field was a large project
requiring the efforts of many people in different departments of the
company.  McAnelly testified that a lease
maintenance opinion would be circulated to the accounting department to advise
them regarding the payment of royalties. 
Title opinions, prepared by lawyers, might be shared with land people to
obtain curative information or to determine if the submitted information was
sufficient to remove the objection, so that the attorney could write a final
title opinion that would approve title in Exxon.  McAnelly testified that showing a title
opinion to a leaseholder Awould be rare and would not be encouraged.@ 
David Eckman, former in-house counsel for Exxon, testified that the
intention was to preserve and maintain confidentiality of title opinions.  Eckman testified that, although landmen had
access to certain title opinions, they were expected to maintain confidentiality
of the documents.

The record of the hearing contains no specific references to
document 6109 or its duplicates.  Thus,
the court must have made its decision based on the in camera review of the
documents and the general testimony concerning availability of title opinions
to third parties.  On the last page of
document 6109, a handwritten notation says Acopy placed in each file mentioned in
par. 3.@ 
Although the lease files are actually mentioned in paragraph 4 and not
paragraph 3, it is reasonable to presume that a copy of the memo was sent to
each file discussed in the above-quoted sentence in paragraph 4 of the
memo.  On the second page of the trial
court=s order, the judge states that a
duplicate of 6109, document 9433, has notations copying it to the ATyler Land Section.@ 


Rule of Evidence 511 states that a person upon whom the rules
confer a privilege, such as the attorney-client privilege, waives the privilege
if: Athe person or a predecessor of the
person while holder of the privilege voluntarily discloses or consents to
disclosure of any significant part of the privileged matter unless such
disclosure itself is privileged ....@ 
Tex. R. Evid. 511(1).  The issue is whether the placement of this
memo and its duplicates into the Alease files@ constituted voluntary disclosure of
the document.  








It was relator=s burden to prove its claim of
privilege with respect to this document and to prove that the privilege had not
been waived by disclosure.  Jordan v.
Court of Appeals, 701 S.W.2d 644, 648-49 (Tex. 1985).  There was conflicting testimony concerning
whether third parties were shown title opinions.  Although there was testimony that title
opinions were sometimes seen by outside landmen hired by Exxon to assist the
attorneys develop title documentation, other witnesses testified that such
disclosure did not waive the privilege because contract landmen were subject to
confidentiality requirements.  There was
also testimony that leaseholders were occasionally shown title opinions, but
other testimony indicated that title opinions were not shared with
leaseholders; instead, lease opinions might have been shared with
leaseholders.  Relator presented no
testimony concerning Alease files.@  This conflicting
evidence raised a factual issue the trial court resolved.  Resolution of factual issues or matters is
committed to the trial court=s discretion, and, as the reviewing court, we may not
substitute our judgment for that of the trial court.  Walker, 827 S.W.2d at 839.  To obtain mandamus relief, relator had to
establish that the trial court could reasonably have reached only one
decision.  Id. at 840.  We find that relator did not establish that
the trial court could reasonably have reached only the decision that no waiver
occurred with respect to document 6109 and its duplicates.  Accordingly, we find no abuse of discretion
by the trial court in ordering production of document 6109, and its duplicates,
documents 9433 and 9772.

2.  Documents
9427, 9431, 9432, and 9465

Document 9427 is another memo from an Exxon attorney to an
Exxon employee, concerning revisions to an exhibit to the Unit Agreement.  Document 9431 is a memo from an Exxon
attorney to an Exxon employee, attaching originals of a draft agreement
for  the employee=s review.  The document states that, if the employee
finds them satisfactory, he may distribute the agreement to the Working
Interest Owners.  The memo describes
specific changes.  Document 9432 is a
duplicate of 9431.  Document 9465 is also
a duplicate of 9431, but it alone has the drafts of the agreements attached.

The pertinent portion of the order is as follows:








There are several memos from David
W. Eckman to H.M. Krause that are all claimed to be attorney client advice but
they just [sic] ministerial changes to drafts that are shared with outside
working interest owners or are title corrections which the court has concluded
are not privileged.  In many instances
Eckman is making changes requested by outside companies who have all reviewed
the drafts.  Eckman instructs Krause to
copy the revised exhibits to transmit to the other companies.  These documents are: 9427-9428, 9431,
9465-9484, 9506-9541.  

 

The
trial court=s statements apply to some, but not
all of the documents.  Document 9427
concerns an Exxon attorney=s review and revisions to an exhibit to the Unit
Agreement.  The document is copied to two
Exxon employees and another Exxon attorney. 
The State claims that this and the other transmittal memos concerning
the unit agreement were shared with outside counsel or involved title
corrections.  A review of document 9427
reveals nothing to indicate that this document was shared with anyone other
than Exxon employees and attorneys. 
Thus, we find no basis for finding that relator waived its privilege by
disclosure of this document.

The
trial judge offered an alternative basis for ordering productionBthat the documents are not
privileged.  Relator argues that a review
of this document reveals its privileged nature. 
Indeed, the subject of document 9427 is communication between attorney
and client, discussing an exhibit to the unit agreements.  The review and recommendation of changes to
contracts constitutes rendition of legal services.  Thus, the trial court abused its discretion
in ordering production of document 9427 either on the basis of waiver or on the
ground that this document was not a confidential communication.








Documents 9431 (and its duplicate 9465), 9432 and 9433 are
memos transmitting a draft of the Unit Agreement and Unit Operating
Agreement.  These memos are from an Exxon
attorney to an Exxon employee for review and corrections.  Relator argues that these transmittal memos
are privileged and contain legal advice concerning the draft agreements.  Although the documents indicate that, after
approval, the final agreements are to be distributed to the working interest
owners, the documents indicate that they are discussing drafts that have not
yet been approved for distribution to outside parties.  All of the documents refer to drafts because
the text indicates that the Exxon attorney is still reviewing certain exhibits
to the agreements.  Although the trial
judge offers an alternative basis for ordering production, that the documents
are not privileged, they are communications between attorney and client, discussing
drafts to the unit agreements.  While the
trial court stated that these documents contain merely ministerial changes,
this is not a basis for denying privilege status to a document.  The subject of the communication between
attorney and client is not of concern when determining whether it is
privileged.  See In re Carbo Ceramics,
Inc., 81 S.W.3d 369, 374 (Tex. App.BHouston [14th Dist.] 2002, orig.
proceeding).  Furthermore, there is no
indication that these documents were to be distributed to outside personnel.  The documents indicate that future final
drafts will be circulated to outside personnel, but they do not state that
these drafts are to be circulated to outside personnel.  Thus, to the extent the trial court ordered
production of documents 9427, 9431, 9432, and 9465 on the ground they were not
privileged, or that relator waived the privilege by distributing them to
persons outside the company, the trial court abused its discretion.

3. Document 10709

In Order No. 6, the trial court orders document number 10709
produced on the ground  that document
10709 transmits Amoco=s correspondence, requests a review of Amoco=s comments, and contains no
privileged matter.  Thus, the court
specifically found that document 10709 was not privileged.  








The State argues that any privilege was waived because
relator previously produced a duplicate of this document, which the State
includes in its appendix.  If relator has
already produced the document and did not request return of the document, then
relator cannot be heard to complain about the trial court=s order as to document 10709.  See Tex.
R. Evid. 511(1)(waiver of privilege occurs when holder of privilege
voluntarily discloses any significant part of the privileged matter).   Relator responds that the document in the
State=s appendix is plainly not a
duplicate, but we have compared the document in the State=s appendix with document number 10709
and find it to be an exact duplicate. 
Because relator has already voluntarily produced a duplicate of document
10709, we can find no abuse of discretion by the trial court in ordering the
production of document 10709. 

Conclusion

We find no abuse of discretion in the trial court=s order requiring production of
document ETX9900010709, which is merely a duplicate of a document previously
produced to the State without complaint. 
We further find no abuse of discretion in the ordering of production of
documents ETX990006109-6110, ETX990009433-9434, and ETX990009772-9773 on the
ground that relator had not met its burden of disproving  waiver. 
However, we find the trial court did abuse its discretion in ordering
production of documents with the following Bates numbers:  ETX990007443-7444, ETX990009760, ETX990008729-8731,
ETX990009427-9428, ETX990009431, ETX990009432, ETX990009465-9484, and
ETX9900010819-10858, and we conditionally grant the writ of mandamus as to the
portion of Order No.6[7]
that orders production of documents with the following Bates numbers:  ETX990007443-7444, ETX990009760,
ETX990008729-8731, ETX990009427-9428, ETX990009431, ETX990009432,
ETX990009465-9484, and ETX9900010819-10858. 
We are confident the trial court will vacate the portions of Order No. 6
signed July 25, 2002, that compel production of documents ETX990007443-7444,
ETX990009760, ETX990008729-8731, ETX990009427-9428, ETX990009431, ETX990009432,
ETX990009465-9484, and ETX9900010819-10858. 
If the trial court fails to do so, the writ will issue. 

 

 

/s/        Charles Seymore

Justice

 

Petition
Conditionally Granted and Opinion filed January 31, 2003.  

Panel consists of
Justices Yates, Edelman and Seymore.











[1]  Specifically, relator seeks a mandamus to require the
respondent to vacate her orders with respect to documents with the following
Bates Stamp numbers: ETX990006109-6110, ETX990007443-7444, ETX990009760,
ETX990008729-8731, ETX990009427-9428, ETX990009431, ETX990009432,
ETX990009465-9484, ETX990009433-9434, 9506-9541, ETX990009772-9773,
ETX9900010709, and ETX9900010819-10858. 
In the text of this opinion, we will refer to these documents by the
last 4-5 digits of the first page of each document.





[2]  Orders 4 and 5 are not challenged in this proceeding.





[3]  We disagree with relator as to document 6109.  The trial court=s Order
No. 6, of July 25, 2002,  requires
production of this document on the ground of waiver, not because it contains
factual matters.  Thus, we address
document 6109 in a later section of this opinion concerning waiver.





[4]  These references are to the Bates number of the first
page of documents, whether they consist of one or multiple pages. 





[5]   AA trial court cannot abuse its discretion if it
reaches the right result for the wrong reasons.@  Luxemberg v. Marshall, 835 S.W.2d 136,
141-42 (Tex. App.BDallas 1992, orig. proceeding).  Thus, in a mandamus proceeding, the appellate
court must focus on the result reached by the trial court rather than the
reasons stated in the order.  Id.
at 142.

 





[6]   We acknowledge the State=s
grounds would support the trial court=s ruling
in Order No. 2.  Before entering Order
No. 6, the trial court entered Order No. 2, in which it ordered document 7443,
among many other documents, produced in their entirety.  Because the trial court changed its ruling as
to document 7443 in the subsequent Order No. 6, after relator moved for
reconsideration, we find that Order No. 6 supersedes Order No. 2 as to document
7443.  Accordingly, we do not address the
grounds for production referenced in Order No. 2.  We focus only on the grounds set out in Order
No. 6.  





[7]  Because we have found that Order No. 6 supersedes
Order Nos. 2 and 3 as to the documents addressed in Order No. 6, we need not
extend our conditional grant of mandamus relief to the prior orders.