**LEEDE OIL & GAS, INC., et al., Relators,**

v.

**The Honorable Lamar McCORKLE, Judge of the 133rd District Court of Harris County, Texas, Respondent.**

No. 01-90-00228-CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 1990.

Joe W. Redden, Jr., Britt K. Davis, Fulbright & Jaworski, Houston, for relators.

Michael C. Hurley, Houston, for respondent.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

PER CURIAM.

Leede Oil & Gas, Inc. ("Leede") seeks leave to file a petition asking this Court to order the Honorable Lamar McCorkle, Judge of the 133rd District Court of Harris County, to vacate an order of February 19, 1990, that required Leede to produce three notations from written notes made during the course of its lawyers' conferences with a fact witness.

Leede has a strict products liability/property damage claim against several defendants that arises out of a gas well accident which occurred in June 1983. Mr. George Landreth was an on-site supervisor at the well, and was a potential fact and expert witness. All parties were made aware of Landreth's importance to the case no later than January 1988. One defendant noticed Landreth's deposition on two occasions, but later cancelled both notices. Another notice of deposition was cancelled due to Landreth's illness. In May 1988, Leede designated Landreth as a trial expert. Landreth was later joined as a third-party defendant.

Landreth died on August 29, 1989, without having been deposed. When another witness testified that he had previously conferred with the late Mr. Landreth about the subject matter of the suit, a defendant asked Leede and its lawyers to segregate their notes of conferences with Landreth. Leede moved to protect the notes from discovery; in reply, the defendant moved to compel. A special master (Judge Phil Peden) heard both motions, reviewed the documents in camera, and recommended production. Judge McCorkle accepted the recommendation and ordered Leede to produce the selected notations. Leede requests

leave to file a petition for writ of mandamus.

Judge McCorkle ordered production of three notations from three documents:

1. an undated, one-page handwritten note (Plaintiff's Ex. 5);
2. an intraoffice memorandum, dated June 8, 1988 concerning liability experts (Plaintiff's Ex. 6); and
3. an intraoffice memorandum, dated December 14, 1988, concerning Leede's use of Landreth's testimony at trial (Plaintiff's Ex. 7).

Leede argues that the three documents are attorney work product and are thus absolutely privileged from discovery; Leede further maintains that the privileged documents do not fall within the "witness statements" exception defined by TEX.R. CIV.P. 166b(3), and are thus nondiscoverable under the work product privilege. Finally, Leede argues that *if* the documents do fall within the "witness statement" exception, the party seeking discovery has not shown inability to obtain a "substantial equivalent," a "substantial need," and an "undue hardship" so as to justify production.

■ A writ of mandamus will issue only if a trial judge abuses his discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). A trial judge abuses his discretion when he acts without reference to any guiding rules or principles. *Id.* The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred. *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 242 (Tex. 1985).

The attorney work product privilege exempts from disclosure all documents, reports, communications, memoranda, mental impressions, conclusions, opinions, or legal theories prepared and assembled by an attorney in anticipation of litigation or for trial. *Toyota Motor Sales, U.S.A., Inc. v. Heard*, 774 S.W.2d 316, 317 (Tex.App.— Houston [14th Dist.] 1989, orig. proceeding); *Evans v. State Farm Mut. Auto. Ins.*

*Co.*, 685 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); TEX. R.CIV.P. 166b(3)(a).

■ Here, Judge McCorkle ordered the production of *selected portions*—not production in the entirety—of documents which were prepared by attorneys. The work product privilege protects the mental impressions and strategy of the attorney, not facts of the case. *See Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) ("We do not mean to say that all written materials obtained or prepared by an adversary's counsel are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.").

The portions of the notes under consideration are neutral recitals of facts; they contain no commentary. They do not show how Leede will use the facts, if at all. They do not remotely suggest Leede's trial strategy. They do not give a clue as to the lawyer's reaction to the testimony. The most that can be said is that the lawyer thought these facts important enough to put in writing. The mere fact that lawyer effort has gone into obtaining the material does not make it work product. D. Keltner, Texas Discovery 3:94 (1989).

Accordingly, relator has shown no abuse of discretion. We overrule the motion for leave to file the petition for writ of mandamus.