Ferrell MARSHALL and June Marshall, Individually and as next Friend of Derek Marshall, A Minor, Relators,

v.

The Honorable Richard HALL, Respondent.

No. 01–97–00109–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 2, 1997.

Jim L. Culpepper, Humberto Trejo, Houston, for Relators.

Evelyn T. Ailts, Michael Phillips, Rick Gibson, Steve Rice, M. Kohl Baird, Vincent Glocksien, Houston, for Respondent.

Before SCHNEIDER, C.J., and HEDGES and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

In this original proceeding on petition for writ of mandamus, we must decide the limits of the work product privilege in discovery. In the underlying suit, the relators, Ferrell Marshall and June Marshall, Individually and a/n/f of Derek Marshall, a minor, sued the real party in interest, Thomas Built Buses, Inc. (Thomas), for personal injury. An employee of the relators' attorneys spoke with a witness to the accident made the basis of this lawsuit on two occasions and took notes regarding the conversation. Judge Richard Hall ordered the relators to produce copies of the "interviews, notes, or transcriptions of the statement" to Thomas. The relators ask us to order Judge Hall to vacate the order. We conditionally grant the petition.

The relators sued Aldine Independent School District, Allstate Insurance Co., Thomas Built Buses, Inc., and Navistar In-

ternational Transportation Corp. for injuries suffered by Derek Marshall, a minor, during a collision between an automobile and a bus. Barrett Brock was a witness to the accident. After suit was filed, Nellie Gomez, an employee of the relators' attorneys, interviewed Brock on the telephone and took notes during the interview. During Brock's deposition, Thomas discovered that Gomez had interviewed Brock. At that time, Thomas requested that the relators produce copies of the notes of Brock's interview. When the relators refused to produce the notes, Thomas filed a motion to compel production.

The relators attached an affidavit of Gomez to their response to Thomas' motion to compel. Gomez stated in the affidavit as follows:

> I contacted and interviewed [ ] Brock.... I did not ask [ ] Brock to make a statement nor did he offer to give a statement. This conversation was not recorded in any way.

At the hearing on the motion to compel, Gomez testified that she spoke with Brock two times on the telephone. The notes she took during the first conversation are those Thomas seeks to discover. When asked, "What are those notes?," Gomez testified as follows:

> They are notes that I took down during my conversation with Barrett Brock. Basically, I wrote down, not everything that he said, but things that I felt were important in the determination of whether or not we should take his deposition. Just, I wrote down some of my opinions and just my— just what I thought was important.

Gomez said that because her notes were "all jumbled up," she summarized them in chronological order so that the relators' lawyer could determine whether to take Brock's deposition.

Judge Hall was provided with a copy of Gomez's interview notes and her notes summarizing the interview in camera. At the conclusion of the hearing, Judge Hall or-dered that the relators produce the interview notes. Judge Hall did not allow discovery of Gomez's summary of her conversation with Brock. The relators seek mandamus to compel Judge Hall to vacate the discovery order compelling production of the interview notes.

Mandamus will issue only where there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992). An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining a writ of mandamus. *Id.* Mandamus is appropriate when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege. *Id.* at 843.

Written statements of witnesses are "protected from disclosure by privilege" unless the party resisting disclosure shows a "substantial need ... that the party is unable without undue hardship to obtain the substantial equivalent of the [statements] by other means[.]" Tex.R.Civ.P. 166b (3)(c), (e) [1]. A written statement includes:

> (i) a written statement signed or otherwise adopted or approved by the person making it, and (ii) a stenographic, mechanical, electrical or other type of recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

Tex.R.Civ.P. 166b (3)(c).

■ Here, the interview notes were not "signed or otherwise adopted or approved" by Brock. The interview was not recorded stenographically, mechanically, or electrically. Gomez testified that even her interview notes did not represent a "substantially verbatim recital" of what Brock told her. Accordingly, the interview notes do not meet the statutory definition of a "written statement" and are not privileged as such.

---

1. Rule 166b (3)(c) states in relevant part:
 The written statements of potential witnesses and parties, when made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation, or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation....
 Tex.R.Civ.P. 166b (3)(c).

Attorney work product is also privileged from discovery. *Leede Oil & Gas, Inc. v. McCorkle,* 789 S.W.2d 686, 687 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (interpreting TEX.R.CIV.P. 166b(3)(a)). The attorney work product privilege exempts from discovery all documents, reports, communications, memoranda, mental impressions, conclusions, opinions, or legal theories prepared and assembled by an attorney in anticipation of litigation or for trial. *Id.* The privilege also protects the mental impressions and strategy of the attorney. *Id.* The privilege does not protect from discovery *certain facts of the case* under exceptional circumstances. *Id. Leede Oil* cites the seminal attorney work product case in explaining the boundaries of the privilege: "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947).

Here, Gomez was acting as an agent of the relators' attorney. Her task in interviewing Brock was to generate information to make the strategic decision of whether to depose Brock. In accomplishing her task, Gomez compiled facts from her conversation with Brock. She reorganized those facts according to her mental impressions of what organization would best help the relators' attorney decide whether to take Brock's deposition. She omitted some facts she felt were not helpful to the Marshalls' case. We believe that not only her summaries but her interview notes as well are protected by the attorney work product privilege.

*Hickman* provides a two-part test for exemption from the privilege. First, the information must be "hidden in the attorney's file." *Hickman,* 329 U.S. at 501, 67 S.Ct. at 388–89. Second, the facts sought to be discovered must be "essential to the preparation of one's case." *Id.* We believe that Thomas has met neither part of the exemption test. First, the information, far from being hidden from the relator, was readily available through the witness Brock. In fact, the existence of these notes came to light during the deposition of Brock, in which relator was free to develop all the information given to Gomez'. Second, Thomas made no showing that the information was essential to the preparation of its case. Indeed, the taking of Brock's deposition belies the necessity of seeking the same information from Gomez interview notes.

In *Leede Oil,* the information held to be exempt from the work product privilege met both parts of the exemption test. The key witness, whose testimony was the subject of the disputed notes, had been designated as both a fact witness and an expert witness. 789 S.W.2d at 686. He died after having participated in an informal interview with the defendant's attorney, but before the plaintiff had had an opportunity to depose him. *Id.* We believe that the *Leede Oil* facts clearly distinguish its holding from this case.

The relator's petition for writ of mandamus is conditionally granted.

